762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BARBARA JEAN BERRY, ET AL., PLAINTIFFS-APPELLEES,
v.
SCHOOL DISTRICT OF THE CITY OF BENTON HARBOR, ET
AL.,DEFENDANTS-APPELLEES.
 NO. 84-1358
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 Before: CONTIE and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Intervenor Michigan Education Association (MEA) appeals from a district court order allowing the Benton Harbor Area School District (BHASD) to abrogate teacher seniority rights protected by the collective bargaining agreement and Michigan law, M.C.L.A. Sec. 38.105, in hiring teachers for its Creative Arts Academy. For the reasons that follow, we reverse and remand for further proceedings consistent with this opinion.
 
 
 2
 On November 16, 1967, plaintiffs filed a complaint in this case alleging that the School District of the City of Benton Harbor had maintained racially segregated schools. On August 22, 1977, the district court entered an order finding 'action or inaction by public officials, with a segregative purpose and intent, which actually resulted in increased or continued segregation in the public schools of Benton Harbor.' 442 F. Supp. 1280, 1283 (W.D. Mich. 1977). See also 467 F. Supp. 630 (W.D. Mich. 1978); 494 F. Supp. 118 (W.D. Mich. 1980). On May 1, 1981, the district court announced its remedial plan. 515 F. Supp. 344 (W.D. Mich. 1981). The court ordered development of a program of magnet schools to attract students from the various school districts. We affirmed the district court's order. 698 F.2d 813 (6th Cir.), cert. denied, 104 S. Ct. 235-36 (1983).
 
 
 3
 The BHASD subsequently created several magnet schools, one of which was a Creative Arts Academy. In August 1982, a notice for a position as instructor at the academy was posted, and two individuals were hired to fill that position. In December 1982, the MEA and BHASD reached a collective bargaining agreement. Art. XI Sec. D provides that '[n]o teacher shall remain employed in a position for which a laid off teacher of equal or greater professional service is certified and qualified.'[1]
 
 
 4
 Article X Sec. M of the agreement provides:
 
 
 5
 DEFINITION OF CERTIFICATION AND QUALIFICATION. Certified is defined as holding a valid certificate from the Michigan Department of Education in the designated subjects and grade levels.
 
 Qualified is defined as:
 
 6
 1. Grades Pre-School through Six (6)--Student teaching in grades pre-school through six (6), or teaching experience in the district within the past five (5) years at the pre-school through six (6) grade level and possessing an elementary certificate.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 5. Special programs in the district (K-12) such as magnet schools, Montessori, consultancies, staff development, trainers, etc. will require a minimum of twelve (12) semester hours in their specialization. Teachers currently assigned to special programs (1982/1983) are exempted from the provisions of this subsection for so long as they remain in the same specialty area.
 
 
 10
 In 1983, James Wolmack, a teacher with tenure status, was laid off. When Wolmack, who had greater seniority than the teachers hired for the Academy, attempted to invoke Art. XI Sec. D of the collective bargaining agreement to replace those teachers, BHASD moved for an order permitting BHASD to hire creative arts teachers without preference to laid-off staff. BHASD contended that the success of the magnet school program turned on whether the school district could hire the highly skilled professionals necessary to attract those interested in the creative arts.
 
 
 11
 The district court held that BHASD could hire applicants regardless of seniority status as protected by state law and the collective bargaining agreement. The court held that to require BHASD to replace a dance teacher with a laid-off science teacher would have a disastrous result on the success of the magnet schools, and that, therefore, abrogation of the statutory and contractual rights was 'necessary' to remedy the unlawful discrimination. Oliver v. Kalamazoo Board of Education, 706 F.2d 757, 763 (6th Cir. 1983).
 
 
 12
 There is no evidence in the record regarding what training in the creative arts, if any, Wolmack possessed. The district court apparently did not consider that Art. X Sec. M(5) of the contract requires twelve semester hours of coursework in the creative arts. Counsel for BHASD did stipulate as follows:
 
 
 13
 This year there is a laid-off teacher who would under the terms of the Collective Bargaining Agreement be qualified for the positions which are occupied by these contract teachers. I don't believe there is any disagreement about either the identity of the individual or his qualifications or the fact that if he were to be recalled, there would be, under the terms of the Collective Bargaining Agreement, another laid-off teacher who would then move up under the terms of that agreement, be qualified to take the position.
 
 
 14
 We remand this case for two reasons with respect to the adequacy of the record regarding Wolmack's qualifications. First, if Wolmack does not meet the qualification standards of the collective bargaining agreement then he is not entitled to the position and the question of abrogating the statutory and contractual seniority rights need not be reached. Second, only with full knowledge of Wolmack's background and qualifications can we determine whether the district court abused its discretion in granting BHASD the relief requested.
 
 
 15
 Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.
 
 
 
 [1]
 Similarly, Michigan law provides:
 Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified.
 M.C.L.A. Sec. 38.105.